UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CANADIAN NATIONAL RAILWAY COMPANY and WATERLOO RAILWAY COMPANY,<br><br>        Plaintiffs,<br>v.<br><br>MONTREAL, MAINE & ATLANTIC RAILWAY LTD.,<br><br>        Defendant. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a), 1446(a) and Fed. R. Civ. P. 81(c), defendant Montreal, Maine & Atlantic Railway Ltd. ("MMA") hereby gives notice of its removal of the civil action *Canadian National Railway Company and Waterloo Railway Company v. Montreal, Maine & Atlantic Railway Ltd.*, Civil Action No. RE-2010-42 (Maine Super. Ct.) to this Court. As grounds for removal, MMA states as follows:

1.  On October 29, 2010, the plaintiffs commenced this action by filing a Complaint in the Aroostook County Superior Court in Caribou, Maine. The plaintiffs emailed MMA a copy of the pleadings. *See* Exhibit A (complete set of all pleadings per 28 U.S.C. § 1446(a)).

2.  In their Complaint, the plaintiffs sought (1) a declaration that plaintiff Canadian National ("CN") may "operate its locomotives, cars, equipment, and crews on and over the Subject [railroad] Trackage" (Count I); (2) a reformation of a railroad Easement Deed so that CN may "operate its locomotives, cars, equipment, and crews on and over the Subject [railroad] Trackage" (Count II); (3) damages for MMA's alleged denial of access on MMA's railroad

tracks (Count III); and (4) an injunction preventing MMA from interfering with CN's alleged right to "operate freight trains, including locomotives, freight cars, and other equipment" on MMA's railroad tracks (Count IV). *See* Complaint at ¶¶ 27, 31, 33, 39. If granted, the relief requested by CN would result in CN operating its trains over MMA-owned lines in order to reach the facilities of a customer located on MMA's line, thereby implicating a variety of issues relating to interstate commerce. In addition, CN's complaint is based upon an interpretation and reformation of a trackage rights agreement authorized by the Surface Transportation Board ("STB") pursuant to 49 U.S.C. § 11323(a)(6).

      3.      CN and MMA are both rail carriers subject to the exclusive jurisdiction of the STB and its enabling statute, the Interstate Commerce Commission Termination Act (ICCTA), 49 U.S.C. § 10501 (2005). Specifically, such jurisdiction is exclusive over "transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange and other operating rules), practices, routes, services, and facilities of such carriers . . . " 49 U.S.C. § 10501(b)(1). More significantly, "[e]xcept as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation *are exclusive and preempt the remedies provided under Federal or State law*." *Id.* (emphasis added). *See also Pejepscot Indus. Park, Inc. v. Maine Cent. R.R.*, 215 F.3d 195, 202 (1st. Cir. 2000) ("The last sentence of § 10501 plainly preempts state law."). Thus, Congress has preempted all state-law and common law claims that regulate or have the effect of regulating rail transportation.

      4.      Although the Complaint is nominally couched in terms of state law causes of action and remedies, each of the remedies sought by the plaintiffs would impermissibly regulate the flow of railroad "locomotives, cars, equipment, and crews on and over the Subject [railroad]

3069524-2

Trackage," Complaint at ¶ 27, an area so thoroughly occupied by federal regulation as to preempt any parallel state-law action.  *See generally* 49 U.S.C. § 10501(b) (governing "operation" of all tracks); 49 U.S.C. § 11122(a) (federal STB may regulate "the other terms of any arrangement for the use by a rail carrier of a locomotive, freight car, or other vehicle"); 49 U.S.C. § 11704(c)(1) ("A person may . . . bring a civil action under subsection (b) of this section to enforce liability against a rail carrier providing transportation subject to the jurisdiction of the Board under this part.").  *See also, e.g.*, *San Luis Central Railroad v. Springfield Terminal Railway Co.*, 369 F. Supp. 2d 172, 176 (D. Mass. 2005) (complaint concerning "car hire" payments completely preempted and removable); *Engelhard Corp. v. Springfield Terminal Railway Co.*, 193 F. Supp. 2d 385, 389 (D. Mass. 2002) (common law contract claims concerning non-payment of mileage allowance preempted); *Pejepscot Indus. Park, Inc. v. Maine Cent. R.R.*, 297 F. Supp. 2d 326, 333 (D. Me. 2003) (tortuous interference claim preempted because award of damages pursuant to a state tort claim "may qualify as state 'regulation'"). Furthermore, while the trackage rights agreement and the easement upon which CN relies are on their face contracts, they are governed by the ICCTA and were authorized by the STB.  Indeed, both the commencement and discontinuance of use of the trackage rights or easement are subject to STB jurisdiction.  49 U.S.C. § 111323(a)(6) and 49 U.S.C. § 10903; *see also Thompson v. Texas-Mexican Railroad Co.*, 328 U.S. 134 (1946).

     5.     This Court therefore has original jurisdiction under 28 U.S.C. § 1331 (federal question) and the case may be removed under 28 U.S.C. § 1441(a).

     6.     This Notice is timely.  *See* 28 U.S.C. § 1446(b) (filed within 30 days of the receipt of the initial pleading).

     7.     MMA reserves the right to amend or supplement this Notice.

8. MMA reserves all counterclaims, defenses, and affirmative defenses.

9. Pursuant to 28 U.S.C. § 1446(d), MMA is today serving a copy of this Notice on the plaintiffs' counsel and is filing a copy with the Clerk of the Aroostook County Superior Court in Caribou, Maine.

WHEREFORE, for the foregoing reasons, defendant MMA hereby removes this matter pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446(a).

> Respectfully submitted,
>
> MONTREAL, MAINE & ATLANTIC RAILWAY LTD.
>
> By its attorneys,
>
> /s/ Timothy Shannon
> Timothy R. Shannon (Maine Bar. No. 6548)
> VERRILL DANA, LLP
> One Portland Square
> P.O. Box 586
> Portland, ME 04112-0586
> (207) 774-4000
> tshannon@verrilldana.com
>
> Affiliated Counsel:
>
> James E. Howard
> One Thompson Square
> Suite 201
> Charlestown, MA 02129

Dated: November 1, 2010                    (617) 886-9322

**CERTIFICATE OF SERVICE**

      I, Timothy R. Shannon, hereby certify that on November 1, 2010, I caused a true and accurate copy of this document to be served on counsel for the plaintiffs:

CANADIAN NATIONAL RAILWAY COMPANY
George J. Marcus, Esq. (by hand)
Daniel Rosenthal, Esq.
Marcus, Clegg & Mistretta, P.A.
One Canal Plaza, Suite 600
Portland, ME 04101
(207) 828-8000

WATERLOO RAILWAY COMPANY
George J. Marcus, Esq.  (by hand)
Daniel Rosenthal, Esq.
Marcus, Clegg & Mistretta, P.A.
One Canal Plaza, Suite 600
Portland, ME 04101
(207) 828-8000

TWIN RIVERS PAPER COMPANY, LLC
William D. Hagedorn, Esq. (by hand)
Preti, Flaherty, Believeau & Pachios, LLP
One City Center
Portland, ME  04101

                                            /s/  Timothy Shannon
                                            Timothy R. Shannon
                                            VERRILL DANA, LLP
                                            One Portland Square
                                            P.O. Box 586
                                            Portland, ME  04112
                                            (207) 774-4000

3069524-2