UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CANADIAN NATIONAL RAILWAY COMPANY AND WATERLOO RAILWAY COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV-10-452-B-W |
| MONTREAL, MAINE & ATLANTIC RAILWAY, INC. | ) ) ) ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO STRIKE**

On October 29, 2010, Canadian National Railway Company and Waterloo Railway Company (collectively Canadian National) filed a complaint in Aroostook County Superior Court for the state of Maine against Montreal, Maine & Atlantic Railway, Ltd. (MMA), alleging that MMA was illegally preventing Canadian National from gaining access to the Twin Rivers Paper Mill (Twin Rivers) in Madawaska, Maine. *Compl.* Attach. 1 (Docket # 1). MMA removed the case to this Court on November 1, 2010. *Notice of Removal* (Docket # 1). On the same day, Twin Rivers moved to intervene. *Mot. to Intervene* (Docket # 5). Presumably in anticipation that its motion to intervene would be granted, Twin Rivers filed a memorandum of law in support of Canadian National's motion to remand. *Mem. of Law of Twin Rivers Paper Co., LLC in Support of Pl.'s Mot. for Remand* (Docket # 17). On November 6, 2010, MMA moved to strike Twin Rivers' memorandum. *Mot.*

*to Strike Twin Rivers Paper Co., LLC's Mem. of Law in Support of Pl.'s Mot. for Remand* (Docket # 21).

The Court DENIES MMA's motion to strike as moot. Twin Rivers' motion to intervene has not as yet been acted upon and therefore, it has no standing at this juncture to file memoranda with the Court. Accordingly, in ruling on Canadian National's motion to remand, the Court did not consider Twin Rivers' memorandum. As the Court has ruled on the merits of Canadian National's motion without reviewing Twin Rivers' memorandum, there is no longer an ongoing controversy as to whether a memorandum in support of the motion should be struck.

Twin Rivers has posited an interest in these proceedings that it claims is not adequately protected by the current parties. As the Court will shortly address the pending motion for temporary restraining order (TRO) (Docket # 4), the Court will consult with counsel, particularly counsel for MMA, to obtain an expedited response to Twin Rivers' motion to intervene so that, if Twin Rivers may properly intervene, it will have the opportunity to participate in the resolution of the motion for TRO.

The Court DENIES as moot Montreal, Maine & Atlantic Railway, Ltd.'s Motion to Strike Twin Rivers Paper Co., LLC's Memorandum of Law in Support of Plaintiff's Motion for Remand (Docket # 21).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2010