UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| CANADIAN NATIONAL RAILWAY COMPANY AND WATERLOO RAILWAY COMPANY, | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:10-cv-00452-JAW |
| MONTREAL, MAINE & ATLANTIC RAILWAY, INC., | ) ) ) ) | |
| Defendant. | ) | |

**ORDER ON UNITED STEELWORKERS' MOTION TO INTERVENE**

In a dispute between two railroad companies and the paper mill they serve, a union moves to intervene as of right under Rule 24(a) and by permission under Rule 24(b). Concluding that the union's interest is speculative, undifferentiated, and generalized and that the union's interests are adequately represented by the existing parties, the Court denies the motion.

**I.    STATEMENT OF FACTS**

The underlying lawsuit is a dispute between Canadian National Railway Company[1] and Montreal, Maine & Atlantic Railway, Inc. (MMA) about whether MMA is breaching a recorded easement over a portion of railroad track in northern Maine that serves a paper mill owned by Twin Rivers Paper Company, LLC (Twin Rivers). *Notice of Removal* at Attach. 1 ¶¶ 9, 10 (Docket # 1) (*Compl.*). The Court

---

[1] Canadian National Railway Company is joined by its wholly owned subsidiary, Waterloo Railway Company. The Court refers to them, collectively, as "Canadian National."

has allowed intervention by Twin Rivers over MMA's objection. *Order on Mot. to Intervene* (Docket # 50).

On November 30, 2010, the United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (USW) AFL-CIO, CLC and United Steelworkers Local Unions 4-0291, 4-0365, and 4-1247 (Steelworkers) moved to intervene as a plaintiff in this railroad trackage rights dispute. *United Steelworkers' Mot. to Intervene* (Docket # 59) (*Steelworkers' Mot.*). On December 11, 2010, MMA responded in opposition to the Steelworkers' motion. *Opp'n to United Steelworkers' Mot. to Intervene* (Docket # 73). The Steelworkers replied on December 13, 2010. *United Steelworkers Reply to Opp'n to Mot. to Intervene* (Docket # 74).

## II. DISCUSSION

The Steelworkers seek intervention under both Rule 24(a), allowing intervention as of right,[2] and Rule 24(b), allowing intervention by permission. *See* FED. R. CIV. P. 24. District courts have substantial discretion to grant intervention under either subsection (a) or (b). *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 11 (1st Cir. 2009); *Caterino v. Barry*, 922 F.2d 37, 39 (1st Cir. 1990); *Int'l Paper Co. v. Inhabitants of Jay*, 887 F.2d 338, 344 (1st Cir. 1989).

### A. Intervention by Right – Rule 24(a)

Rule 24(a) provides:

---

[2] As the Steelworkers point to no federal statute granting it an unconditional right to intervene, *see* FED. R. CIV. P. 24(a)(1), the Court assumes that the Steelworkers assert intervention by right under Rule 24(a)(2). *See Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 641 (1st Cir. 1989) ("Rule 24(a)(1) is narrowly construed; private parties are rarely given an unconditional right to intervene.").

2

On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a). An applicant seeking admission to a lawsuit by right must satisfy four requirements:

1. The application for admission must be timely;

2. The applicant must possess a "direct and substantial interest in the subject matter of the litigation";

3. The applicant's position must be such that "disposition of the action may as a practical matter impair or impede its ability to protect [its] interest"; and,

4. The applicant's interest cannot be adequately represented by existing parties to the litigation.

*Caterino*, 922 F.2d at 39-40. MMA does not mention the timeliness of the application as an issue and the Court agrees that the timing of the motion—made barely a month after this case was filed in Maine state court—is not controlling.

The last three criteria, however, are very much contested. The Court concludes that, unlike Twin Rivers' justification for intervention, the Steelworkers simply do not "bear a sufficiently close relationship to the dispute between the original litigants" to justify its intervention. *See Conservation Law Found. of New England, Inc. v. Mosbacher*, 966 F.2d 39, 41-42 (1st Cir. 1992) (internal quotation marks omitted). The Steelworkers' justification to intervene is based substantially upon a collective bargaining agreement that calls for Twin Rivers and the

Steelworkers to work together to "ensure the long-term competitive success of the business as well as provide job security for all employees." *Steelworkers' Mot.* at Attach 1 at 2 (*Mem. of Law in Support of United Steelworkers Mot. to Intervene*). In the Steelworkers' estimation, if Canadian National loses and if Twin Rivers elects to truck its products to access the Canadian National line, the change in shipping procedure would result "in the immediate elimination of 10 to 12 bargaining unit jobs in the Madawaska Mill shipping department." *Id.* at 3. The Steelworkers further predict that, should MMA prevail, "the absence of reliable, cost-effective transportation could result in a total plant shutdown," causing the loss of employment of approximately 480 union members and over 800 non-union employees. *Id.* at 4.

The Steelworkers' dire predictions of union job loss are speculative, requiring a series of events, any one of which might not happen. Thus, the Steelworkers have failed to demonstrate that "the disposition of the action may as a practical matter impair or impede [the Steelworkers'] ability to protect that interest." *Caterino*, 922 F.2d at 40. Even assuming the predicted impact of this case, the Steelworkers' interest is nonetheless an "undifferentiated generalized" one. *See Walgreen Co. v. Feliciano de Melecio*, 194 F.R.D. 23, 26 (D.P.R. 2000), *aff'd*, 6 F. App'x 27 (1st Cir. 2001) (internal quotation marks omitted). The Steelworkers are not a party to the easement between MMA and Canadian National, nor would their property interests be directly affected by resolution of the dispute. Rather, their stake in this case is twice removed: the outcome must first affect one of the railroads, whose response

4

then must affect Twin Rivers, which then must act in such a way that the collective bargaining agreement between Twin Rivers and the Steelworkers is affected. This further extrapolation beyond the directly affected parties exceeds Rule 24's contemplation. *Pub. Serv. Co. v. Patch*, 136 F.3d 197, 205 (1st Cir. 1998) (stating that "a putative intervenor must show at a bare minimum that it has a significantly protectable interest, that is direct, not contingent" (internal citations and punctuation omitted)).

Finally, the Court is convinced that the current parties, including Twin Rivers, adequately represent the putative interests of the Steelworkers. The Steelworkers have failed to demonstrate that their interests are "sufficiently different in kind or degree" from those of either Canadian National or Twin Rivers, and have not rebutted the Court's presumption of adequate representation. *See B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 546 (1st Cir. 2006). The Court thus concludes that the Steelworkers are not entitled to intervene as a matter of right under Rule 24(a).

### B. Intervention by Permission – Rule 24(b)

Rule 24(b)(1)(B)[3] provides:

On timely motion, the court may permit anyone to intervene who:

> (B) has a claim or defense that shares with the main action a common question of law or fact.

For similar reasons as preclude intervention by right, the Court concludes that the Steelworkers should not be accorded permissive intervention under Rule

---

[3] The Court does not consider permissive intervention under Rule 24(b)(1)(A) as there is no federal statute at issue that provides "a conditional right to intervene."

5

24(b)(1)(B). *See R & G Mortg. Corp.*, 584 F.3d at 11 (explaining that a district court's discretion is at its broadest in considering intervention under Rule 24(b)).

## III. CONCLUSION

The motion to intervene by the United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (USW) AFL-CIO, CLC and United Steelworkers Local Unions 4-0291, 4-0365, and 4-1247 (Docket # 59) is hereby DENIED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2010