UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CANADIAN NATIONAL RAILWAY COMPANY AND WATERLOO RAILWAY COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:10-cv-00452-JAW |
| MONTREAL, MAINE & ATLANTIC RAILWAY, INC., | ) ) ) | |
| Defendant. | ) ) | |

**ORDER ON MOTION FOR DISMISSAL WITHOUT PREJUDICE**

Canadian National Railway Company as plaintiff and Twin Rivers Paper Company LLC as intervenor-plaintiff move to dismiss this civil action without prejudice, asserting they no longer wish to pursue litigation and the parties' resources would be better served pursuing business solutions to the underlying dispute. Montreal, Maine & Atlantic Railway, Inc. opposes the motion, asking that the case proceed forward or, in the alternative, that the dismissal be with prejudice. The Court grants the motion to dismiss without prejudice.

**I.  STATEMENT OF FACTS**

   **A.  Procedural History**

On October 29, 2010, Canadian National Railway Company and its wholly owned subsidiary, Waterloo Railway Company (collectively "Canadian National" or "CN"), filed a complaint in Aroostook County Superior Court, state of Maine,

against Montreal, Maine & Atlantic Railway, Inc. (MMA), alleging that MMA is breaching a recorded easement over a portion of its railroad tracts that allows Canadian National to serve the Twin Rivers paper mill in Madawaska, Maine. *Notice of Removal* Attach. 1 ¶ ¶ 9-10 (Docket # 1) (*Compl.*). On the same day, Twin Rivers Paper Company, LLC ("Twin Rivers" or "TR"), owner of the Twin Rivers paper mill, moved to intervene. *Id.* at Attach. 11. On November 1, 2010, MMA removed the case to federal court. *Notice of Removal*; *Civil Cover Sheet* (Docket #2). Twin Rivers again moved to intervene. *Mot. to Intervene* (Docket # 5) (*TR Mot.*). Over MMA's objection, the Court granted Twin Rivers' motion. *Order on Mot. to Intervene* at 16 (Docket # 50).

On the same day that MMA removed the case to this Court, Canadian National moved for a temporary restraining order and preliminary injunction. *Emergency Mot. for a TRO and Related Relief and for Entry of Prelim. Inj. Pursuant to Rule 65, M.R.Civ. P.* (Docket # 4) (*CN Prelim. Inj. Mot.*). On November 12, 2010, Canadian National filed a supplemental memorandum in support of its motion. *Pls.' Supplemental Mem. of Law in Support of Mot. for Emergency Injunctive and Related Relief* (Docket # 35) (*CN Supplemental Mem.*). On November 1, 2010, Twin Rivers filed a memorandum in support of Canadian National's motion. *Mem. of Law of Twin Rivers Paper Company, LLC, in Support of Pls.' Mot. for Emergency Injunctive and Related Relief* (Docket # 6) (*TR Mem. in Support*); *Supplemental Mem. of Twin Rivers Paper Company, LLC, in Support of Pls.' Mot. for Emergency Injunctive Relief.* (Docket # 37) (*TR Supplemental Mem. in Support*). MMA opposed

the motion.  *Montreal, Maine & Atlantic's Opp'n to Canadian National Railway Co.'s Mot. for TRO* at 2 (Docket # 42) (*Def.'s Prelim. Inj. Opp'n*).  Canadian National replied to the opposition.  *Pls.' Reply to Def.'s Opp'n to Pls.' Mot. for TRO* (Docket # 44).

Canadian National withdrew the motion for TRO but maintained its motion for preliminary injunction.  *Pls.' Withdrawal of Request for TRO and Request for Status Conference on Mot. for Prelim. Inj.* (Docket # 53) (*CN Withdrawal TRO*); *Pls.' Pre-Trial Memorandum* (Docket # 80) (*CN Pre-Trial Mem.*); *Intervenor Twin Rivers Paper Company, LLC's, Pre-Hearing Brief* (Docket # 82) (*TR Pre-Trial Mem.*); *Montreal, Maine & Atlantic's Prelim. Inj. Hr'g Br.* (Docket # 83) (*MMA Pre-Trial Mem.*).  The Court held a testimonial hearing from December 20 through December 22, 2010.  After the hearing, Canadian National and MMA submitted post-hearing memoranda.  *Pls.' Post-Trial Mem.* (Docket # 100) (*CN Post-Hr'g Mem.*); *Montreal, Maine & Atlantic's Post-Prelim. Hr'g Br.* (Docket # 109) (*MMA Post-Hr'g Mem.*).

On November 18, 2010, MMA moved to compel arbitration and to dismiss or stay the case pending the outcome of arbitration.  *Montreal, Maine & Atlantic's Mot. to Dismiss or Stay Litigation and Compel Arbitration* (Docket # 51) (*MMA Mot. to Compel Arbitration*).  Canadian National opposed the motion.  *Pls.' Opp'n to Def.'s Mot. to Dismiss or Stay Litigation and Compel Arbitration* (Docket # 67) (*CN Opp'n to Arbitration*).  MMA replied.  *Reply to Canadian National's Opp'n to Montreal, Maine & Atlantic's Mot. to Dismiss or Stay Litigation and Compel Arbitration* (Docket # 71) (*MMA Reply Arbitration Mem.*).  On April 1, 2011, this Court issued

3

an Order denying all motions. *Order on Mot. for Preliminary Inj. and to Dismiss or Stay Litigation and Compel Arbitration* (Docket # 115) (*Order*).

### 1. Motion for Dismissal Without Prejudice

On May 9, 2011, Canadian National moved to dismiss the action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). *Pls.' Mot. for Dismissal Without Prejudice* (Docket # 119) (*Pls.' Mot.*). MMA opposed the motion and moved to have the case "resolved on the merits or dismissed with prejudice." *Def.'s Opp'n to Pls.' Mot. to Dismiss Without Prejudice* at 3 (Docket # 120) (*Def.'s Opp'n*). In support, MMA attached Plaintiffs' Request for Production of Documents Propounded to Defendant. *Additional Attachments re Response in Opp'n to Mot. to Dismiss Without Prejudice* (Ex. 1) (Docket # 122). On June 7, 2011, Canadian National replied to MMA's opposition. *Pls.' Reply to Def.'s Opp'n to Mot. for Dismissal Without Prejudice* (Docket # 123) (*Pls.' Reply*).

### B. Facts

The Court described this controversy in detail in its April 1 Order and will not repeat it here. *Order* at 4-14.

## II. THE POSITIONS

### A. Canadian National and Twin Rivers' Position

Canadian National and Twin Rivers bring their brief motion to dismiss under Rule 41(a)(2), which provides that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." FED. R. CIV. P. 41(a)(2). In their motion, Canadian National and Twin Rivers concede that in light of the Court's April 1, 2011 Order, they "do not wish to continue to litigate this matter at the

present time." *Pls.' Mot.* at 1. Canadian National and Twin Rivers contend that the case is still in the early stages of litigation, asserting that the parties have only engaged in "preliminary (and extremely abbreviated) discovery." *Id.* at 2. They submit that the high cost of litigation can be avoided by "pursuing business solutions to the problems that underlie this litigation." *Id.* at 1. They say that the Plaintiffs "should neither be bound forevermore by a preliminary decision reached on an abbreviated record, nor forced to litigate immediately on issues that may better be resolved outside of court." *Id.* at 1-2.

B.    **MMA's Response**

MMA objects. *Def.'s Opp'n* at 1. MMA argues that "the case is almost entirely in" and asks that the case be allowed to continue or, in the alternative, that the dismissal should be with prejudice. *Id.* at 1. MMA reasons that it has been "put through a difficult and expensive hearing" and has expended "significant effort and expense." *Id.* at 1-2. It worries that a dismissal without prejudice may force it to fight again a battle it already won:

> A dismissal without prejudice would risk making MMA repeat much of this effort. If [Canadian National] filed a new action here (but before a different judge), or in state court, or with the Surface Transportation Board, MMA would be forced to re-brief many of the same issues and re-litigate many of the same ancillary fights.

*Id.* at 2. MMA rankles at the notion that after such an extensive hearing and exhaustive Order, Canadian National wishes to avoid the result and remain free to try again, raising the very same issues at a different time in a different forum. *Id.* at 2-3.

5

C.  **Plaintiffs' Reply**

In reply, the Plaintiffs reiterate that "the resources of the parties and the Court are not best allocated to litigating a case that Plaintiffs do not wish to continue to litigate at this time." *Pls.' Reply* at 1. They dispute whether the case is "almost entirely in." *Id.* They point out that neither the evidence at the preliminary injunction hearing nor the Order "will . . . disappear." *Id.* at 2.

## III. DISCUSSION

As Canadian National and Twin Rivers filed the motion after MMA's answer and without the stipulation of the parties, Rule 41(a)(2) applies:

> "(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

Fed. R. Civ. P. 41(a)(2). Whether to dismiss an action without prejudice under Rule 41(a)(2) remains in the discretion of the Court. *JRA Architects & Project Managers, P.S.C. v. First Financial Group, Inc.*, 375 F. App'x 42, 43 (1st Cir. 2010); *Doe v. Urohealth Sys. Inc.*, 216 F.3d 157, 160 (1st Cir. 2000); *Alamance Indus., Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir. 1961); *Ring v. ZF Lemforder Corp.*, No. CV-09-83-B-W, 2009 U.S. Dist. LEXIS 53909, at *2 (D. Me. June 24, 2009); *Holbrook v. Andersen Corp.*, 130 F.R.D. 516, 519 (D. Me. 1990). The First Circuit has stated that "[t]he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981) (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976));

*Cabrera-Velazquez v. Puerto Rico Telephone Comp.*, No. 10-1523(JP), 2011 U.S. Dist. LEXIS 50556, at *9 (D.P.R. May 10, 2011).

In deciding whether to allow a voluntary dismissal, courts generally consider a number of factors: 1) the defendant's effort and expense of preparation for trial; 2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; 3) insufficient explanation for the need to take a dismissal; 4) the fact that a motion is made at a critical juncture in the ongoing processing of the case; and, 5) whether a dispositive motion has been filed. *Doe*, 216 F.3d at 160; *ZF Lemforder Corp.*, 2009 U.S. Dist. LEXIS 53909, at *3; *Holbrook*,130 F.R.D. at 519. As a general rule, a request for dismissal without prejudice should be granted "if no prejudicial effects would result for the opposing party." 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2364 (3d ed. 2008) (WRIGHT & MILLER). "Accordingly, in ruling on a motion for voluntary dismissal, '[t]he district court is responsible . . . for exercising its discretion to ensure that such prejudice will not occur.'" *JRA Architects*, 375 F. App'x. at 43 (quoting *Doe*, 216 F.3d at 160). Finally, the First Circuit has clarified that the district courts "need not analyze each factor or limit their consideration to these factors." *Doe*, 216 F.3d at 160.

As regards the first factor, the speedy and extensive briefing and hearing on the motion for preliminary injunction presaged a similar "massive effort," *Def.'s Opp'n*, at 2, if the matter were to proceed to trial. Although the Court has become familiar with the underlying facts, the parties are also familiar with the Court's

7

initial analysis and with such able counsel representing the parties, the Court envisions that a final litigated resolution would be expensive and time-consuming. This factor favors dismissal without prejudice. As regards the second factor, there is no evidence of dawdling on the part of the Plaintiffs. This factor favors dismissal without prejudice. As regards the third factor, the Plaintiffs have explained that they would prefer to devote their resources to a practical as opposed to legal resolution of this controversy. This factor favors dismissal without prejudice. As regards the fourth and fifth factors, the motion to dismiss is being made during a brief lull in the case—at least from the Court's perspective. There are no dispositive motions pending and trial has not been scheduled. These factors favor dismissal without prejudice.

MMA's main claim of prejudice is that they will suffer exposure to potential re-litigation. *Def.'s Opp'n* at 2 (MMA "would be forced to re-brief many of the same issues and re-litigate many of the same ancillary fights"). However the First Circuit has held that "[n]either the prospect of a second suit nor a technical advantage to the plaintiff should bar the dismissal." *Leith*, 668 F.2d at 50; *Doe*, 216 F.3d at 160-161 ("An abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, <u>as opposed to facing the mere prospect of a second lawsuit</u>") (quoting *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)) (emphasis supplied); 9 WRIGHT & MILLER § 2364 ("Accordingly, a very significant number of courts have followed the traditional principle recognized by

the federal courts that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit").

MMA also asserts that "the case is almost entirely in" and that a dismissal without prejudice would "risk wasting this Court's time." *Def.'s Opp'n* at 1-2. While the parties disagree about what remains, they both express concern for the Court. *Pls.' Mot.* at 2 ("Rather than waste the Court's and the party's resources"); *Def.'s Mot.* at 2 ("A dismissal without prejudice would likewise risk wasting this Court's time"). The Court appreciates the parties' solicitude. From the Court's perspective, its resources are better directed to controversies that all parties, particularly the plaintiff, wish to litigate, rather than to controversies that the parties, who initially sought relief, wish to dismiss.

A final factor is whether there is any realistic fear of spoliation of evidence. This factor has not been raised by MMA and the Plaintiffs correctly observe that much of the critical evidence remains available. *Pls.' Reply* at 2. The agreements will continue to exist and the discovery documents, deposition transcripts, and other evidence are safely in the hands of the parties. The parties have extensively researched, briefed, and litigated the issues and, if the case reawakens, the work can be dusted off. Thus, MMA's argument that "the case is almost entirely in" cuts against their assertion that they would have to expend a great deal of time and money re-briefing if litigation were re-initiated.

The Court sympathizes with MMA's earnest desire for finality especially since from its perspective the current state of affairs, if made final, is advantageous.

However, it remains true that "[a] dismissal is its own reward" and for most defendants, a voluntary cessation of legal hostilities and a foe's retreat from the field of battle is a consummation devoutly to be wished. *ZF Lemforder Corp.*, 2009 U.S. Dist. LEXIS 53909, at *2.

The Court GRANTS the Plaintiff's Motion for Dismissal Without Prejudice (Docket # 119).[1]

SO ORDERED.

s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 30th day of June, 2011

---

[1] The Court dismisses as moot the Defendant's motion to amend its Answer to the Complaint and its motion for leave to file an early motion for summary judgment. *Def.'s Mot. to Am.* (Docket # 121); *Def.'s Mot. for Leave to File an Early Mot. for Summ. J.* (Docket # 125).